IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

REGINALD TURON HILL, §
    Petitioner, §
§
v. § CIVIL ACTION NO: H-17-0245
§
LORIE DAVIS, §
    Director of the Texas Department §
    of Criminal Justice - Correctional §
    Institutions Division, §
        Respondent. §

## AMENDED MEMORANDUM A ND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 4). The court recommends respondent's motion for summary judgment be granted and the petition be denied with prejudice.

## Background

Petitioner Hill challenges his conviction for aggravated sexual assault. Hill pleaded not guilty and on May 2, 2014 a jury sentenced him to 50 years in prison. The Fourteenth Court of Appeals for Houston affirmed the conviction. Hill's petition for discretionary review to the Texas Court of Criminal Appeals was refused on February 22, 2016. He did not file a petition for writ of certiorari to the United States Supreme Court. Hill challenged his conviction in a state application for writ of habeas corpus. The Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court.

Hill filed this federal petition in January 2017 challenging his conviction on grounds that (1) the state trial court violated his rights by excusing a juror, thereby allowing him to

be convicted by a jury of less than 12 jurors and subjecting him to double jeopardy; and (2) the trial court and prosecution erred in preventing him from impeaching a witness. The respondent does not argue that this petition is time-barred or unexhausted. The respondent contends that his second claim is procedurally defaulted and all claims are without merit.

**Analysis**

Hill's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Section 2254 sets forth a highly deferential standard for reviewing state court habeas rulings. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A habeas petitioner is not entitled to federal habeas relief on claims adjudicated on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

***Procedural default.*** Hill did not present his claim that he was denied the ability to impeach a witness on direct appeal to the Texas Court of Criminal Appeals or in his petition for discretionary review.[1] On state habeas review, the court found that Hill forfeited this claim of trial court error by not raising it on direct review and had no right to present it in

---

[1] *Hill v. Texas*, 475 S.W.3d 407 (Tex. App. -Houston [14th] 2015, pet ref'd); Dkt. 16-23 (PDR); Dkt. 16-27 at 37.

post-conviction habeas proceeding.[2] The Fifth Circuit has made clear that Texas's bar against raising trial-based claims for the first time in a habeas proceeding is an "adequate state ground" for procedural default. *Scheanette v. Quarterman*, 482 F.3d 815, 827 (5th Cir. 2007).

When the state court expressly relies on an independent and adequate state court ground for a procedural default, such as a failure to raise claims on direct appeal, a petitioner on federal habeas review cannot obtain relief absent a showing of cause for the default and actual prejudice, or a miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000). Hill's allegations and argument fall far short of this burden. Hill's claim for relief on the ground that he was denied an opportunity to impeach a witness should be denied.[3]

***Juror disqualification claims.*** During trial, it came to the court's attention that a juror possibly did not reside in Harris County. The trial court *sua sponte* dismissed the juror and replaced her with an alternate. Hill raised his claim that this violated his rights on direct appeal. The Court of Appeals held that *sua sponte* dismissal of the juror was error because the residency requirement for jury service can be waived, but the dismissal did not violate

---

[2] Dkt. 16-27 at 39; Dkt. 16-24.

[3] In his "traverse" to summary judgment (Dkt. 17), Hill makes the argument that he is not claiming trial error, but ineffective assistance of appellate counsel for failing to raise this claim on direct appeal. First, this claim was not pleaded. *See* Dkt. 1. Second, this claim is procedurally barred because he never presented it to the state court. The Supreme Court recently ruled that the narrow exception to the procedural bar doctrine provided by *Trevino v. Thaler,* 569 U.S. 413 (2013) and *Martinez v. Ryan,* 566 U.S. 1 (2012), does not extend to claims of ineffective assistance of appellate counsel. *Davilla v. Davis*, No. 16-6219, 2017 WL 2722418 *7 (June 26, 2017).

3

Hill's substantial rights.[4]

Hill's claim that dismissal of the juror violated Texas law does not state a claim for federal habeas relief. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). The dismissed juror was replaced with an alternate, preserving the right to have the case tried to twelve jurors. The record indicates that the alternate heard all the evidence and the jury was admonished to begin deliberations again with the new juror.[5] Thus, Hill cannot show that the dismissal violated his federal right to due process. In addition, Hill's allegations to not support a double jeopardy claim:

> Consideration of a defendant's case by a jury which includes a former alternate who has replaced a regular juror after deliberations have begun no more violates the double jeopardy clause than does consideration by a jury which includes a former alternate who has replaced a regular juror during the trial before jury deliberations have begun. In neither situation has the defendant been tried by more than one jury.

*U.S. v. Phillips*, 664 F.2d 971, 991 n.4 (5th Cir. 1981).

Because Hill has not shown that the state court's rejection of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, or one that was based on an unreasonable determination of the facts, his petition should be denied.

**Conclusion and recommendation**

For the reasons stated above, the court recommends that Hill's federal petition for habeas corpus relief be denied with prejudice.

---

[4]     *Hill*, 475 S.W.3d at 409.

[5]     *Id.*; Dkt. 15-18 at 30-31; Dkt. 15-13 at 175.

The court further finds that Hill has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on August 2, 2017.

Stephen Wm Smith
United States Magistrate Judge